IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-2-GCM

| | | |
|---|---|---|
| DAVID WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| TIRE CENTERS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

THIS MATTER comes before the Court on Defendants' Partial Motion to Dismiss Plaintiff's Amended Complaint [Doc. No. 12], Plaintiffs' response [Doc. No. 17], and Defendants' reply [Doc. No. 18]. The matter, fully briefed by both parties, is ripe for determination. For the reasons set forth below, the Court will GRANT Defendants' Motion.

I. **PROCEDURAL BACKGROUND**

On November 6, 2012, Plaintiff filed a Complaint against Defendant Tire Centers, LLC in the Union County Superior Court, asserting the following three causes of action: (i) wrongful discharge in violation of North Carolina's Public Policy against age discrimination as set forth in North Carolina's Equal Employment Practices Act; (ii) failure to promote, age based harassment, constructive discharge, and retaliation in violation of the Age Discrimination in Employment Act ("ADEA"); and (iii) negligent infliction of emotional distress. Plaintiff worked at Tire Centers from approximately March, 2002, until he resigned in April, 2012.

Defendant removed the case to this Court on January 2, 2013 and filed a Partial Motion to Dismiss on January 8, 2013 pursuant to Rules 12(b)(1) and 12(b)(6). Plaintiff filed a response

1

[Doc. No. 7] and an Amended Complaint [Doc. No. 8] withdrawing his wrongful discharge in violation of North Carolina public policy and Negligent Infliction of Emotional Distress claims. Plaintiff's Amended Complaint reasserted his ADEA claims. Following Plaintiff's Amended Complaint, Defendant withdrew its Partial Motion to Dismiss Plaintiff's Complaint. [Doc. No. 11]. Plaintiff filed the instant Partial Motion to Dismiss on February 12, 2013.

## II. FACTUAL BACKGROUND

Plaintiff, a 64 year old man, was last employed by Defendant TCI as a Dealer Development Sales Manager. [Amended Complaint, Doc. No. 8 ¶ 4]. Prior to working with Defendant TCI, Plaintiff was employed with TCI's sister company, Michelin North America, and had over 40 years' experience in the tire business, including management experience. [Id.]. Soon after his hire, Plaintiff was assigned the position of Assistant Manager of Defendant's Cincinnati, Ohio distribution center. [Doc. No. 8 ¶ 5]. In February, 2005 Plaintiff became manager of Defendant's Tampa, Florida distribution center. [Id.]. In March, 2007, Plaintiff was named Regional Sales Manager for the car dealer team's southeast division and in 2012, Plaintiff was named Dealer Development Sales Manager. [Id.].

Plaintiff alleges that he had interest in and applied for several positions with Defendant and that he was not hired for these positions. Plaintiff alleges that he sought promotion to better position by following Defendant's procedure for obtaining promotions by filling out and submitting to Defendant's Human Resources at least four talent sheets (2/28/2007, 1/21/08, 12/4/08, and 8/1/11) in which he described his background in the tire business as well as his interest in Regional Director and other supervisory positions. [Doc. No. 8 ¶¶ 9-10]. Specifically, Plaintiff alleges that in 2009, he expressed his interest on his talent sheet for a regional Director position, but he was not selected for an interview for the Regional Director

position. [Id. ¶ 12]. Following his non-hire, Plaintiff alleges he talked with his manager, Sal Rossano, about why he was not hired as Regional Director. Plaintiff alleges that Mr. Rossano indicated that age was a factor in the decision not to hire him as Regional Director. [Id.]. Plaintiff alleges that in 2010, a position for Business Development Manager opened, but was never formally posted. [Doc. No. 8 ¶ 15]. A younger co-worker, Steven Taden, was promoted to Business Manager. [Id. ¶ 14]. Plaintiff contends that this was a position that he was particularly well suit for, given his extensive background in the tire business, management experience, and customer relations talents. [Id.]. Plaintiff admits that he never applied for this position, was not aware of the position until after it was filled and had not submitted a talent sheet in over a year when this position became available. [Doc. No. 8 ¶¶ 10, 15].

In March, 2011, Plaintiff spoke with Jim Borkey, Defendant's Senior Vice President of Sales, regarding his interest in growing with Defendant. [Doc. No. 8 ¶¶ 8, 18]. Plaintiff alleges that he informed Mr. Borkey that Mr. Rossano and/or Human Resources employee Leesa Cooper made discriminatory statements that the failure to hire Plaintiff as Regional Director in 2009 was due to his age. [Id.] Mr. Borkey allegedly responded, "you haven't sued us yet?" [Id.].

In September 2011, Plaintiff contends that he applied for several vacant Distribution Regional Sales Manager positions. [Doc. No. 8 ¶ 19]. Plaintiff also alleges that he was qualified for an open position as Regional Director in Myrtle Beach, South Carolina, though Plaintiff does not allege that he applies for this position. Instead, Plaintiff contends that despite expressing interest on his talent sheet for this type of position, Defendant did not notify him that there was an opening for this position. [Id. ¶ 20]. Plaintiff alleges that he was not selected for the Myrtle Beach position and that a younger employee who was the Atlantic coast Director was selected for that position and another younger employee from within the company replaced the Atlantic

3

coast Director's position. [Doc. No. 8 ¶ 22].

In October, 2011, Plaintiff alleges that he had a meeting with Mr. Rossano and Ms. Martin, a Human Resources representative, about the Distribution Regional Sales Manager positions. Plaintiff was informed that he was not being promoted. Following the meeting, Plaintiff informed Mr. Martin that Mr. Rossano stated that age was the reason for his failure to be promoted to Regional Director in 2009. Plaintiff alleges that following his non-selection in 2011, Plaintiff was told by an unidentified "company managing official that he was probably not selected because [Defendant] did not know how much longer he would work." [Doc. No. 8 ¶ 23].

Plaintiff also alleges that Mr. Rossano repeatedly referred to him as "old man." [Doc. No. 8 ¶ 27]. He contends that after reporting this alleged admission of age bias, he was subjected to increased scrutiny of his work performance. [Id. ¶ 30]. Plaintiff contends that he retired from his employment with Defendant in 2012 due to his "denial of promotions, continued age biased remarks, the repeated statements that he did not get the promotion because of his age, the undue scrutiny of his work and the humiliation these actions on the part of [Defendant] and its managing officials cause him." [Doc. No. 8 ¶¶ 31-32].

On January 19, 2012, Plaintiff alleges that he filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") for "violations of the Age Discrimination in Employment Act." [Doc. No. 8 ¶ 33]. Plaintiff alleges that the EEOC issued him a right to sue letter and "within ninety days" from issuance, he commenced this action. [Id.].

## III. STANDARD OF REVIEW

1. **12(b)(1)**

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal where the court lacks Jurisdiction over the subject matter of the lawsuit. In determining whether subject matter jurisdiction exists under Rule 12(b)(1), a court "is to regard the pleadings' allegations as mere evidence on the issue . . .". *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). For Rule 12(b)(1) motions, "[t]he district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set for specific facts beyond the pleadings to show that a genuine issue of material fact exists." *Id.* (internal citations omitted).

2. **12(b)(6)**

To survive a motion to dismiss, the plaintiff must make factual allegations which "raise a right to relief above the speculative level" and plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. V. Twombly*, 550 U.S. 544, 545-47 (2007), *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The court must view the complaint in the light most favorable to the plaintiff and take the plaintiff's allegations as true. *Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994). However, the Court is not bound by the Plaintiff's legal conclusions, as the purpose of a Rule 12(b)(6) motion is to test the legal sufficiency of the Amended Complaint. *Id.* (internal citations omitted).

## IV. ANALYSIS

### A. 2009 and 2010 Failure to Promote Claims

Defendant argues that Plaintiff's ADEA claims for failure to promote which occurred

prior to July 23, 2011 must be dismissed pursuant to Rule 12(b)(1) and or 12(b)(6) because Plaintiff failed to timely exhaust his administrative remedies.

Plaintiff and Defendant both agree that before a plaintiff may file suit under the ADEA, he is required to file a charge of discrimination with the EEOC. *See* 29 U.S.C.A. § 626(d). The parties also agree that the limitations period for filing a discrimination charge with the EEOC is 180 days. *Id.* Therefore, in order to preserve a claim of age discrimination, a plaintiff must file a charge of discrimination with the EEOC within 180 days after the allegedly discriminatory act. Moreover, '[t]he scope of the plaintiff's right to file a federal lawsuit is determined by the charge's contents." *Jones v. Calvert Group Ltd*, 551 F.3d 297, 3000 (4th Cir. 2009).

Here, Plaintiff filed a charge alleging age discrimination with the EEOC on January 19, 2012. [Doc. No. 8 ¶ 33].[1] This EEOC charge was filed more than two years after Plaintiff's 2009 application for and denial of a position as Regional Director and more than two years after the alleged 2010 failure to promote Plaintiff to Business Development Manager.

Plaintiff argues that "the continuing violation doctrine may preserve [Plaintiff's] deadline for filing claims" and contends that discovery will help determine whether this doctrine applies to this matter. [Doc. No. 17 at 7]. However, the Supreme Court, in *National Railroad Passenger Corp v. Morgan* , 536 U.S. 101 (2002) held that an employee must file a charge of discrimination within the appropriate limitations period for each discrete act of discrimination that occurred. The Court explained that such discrete acts of discrimination "are not actionable if time barred, even when they are related to acts alleged in timely filed charges. Each discriminatory act starts a new clock for filing charges alleging that act. The charge, therefore,

---

[1] 180 days prior to January 19, 2012 is July 23, 2011.

must be filed within the 180 – or 300 – day time period after the discrete discriminatory act occurred." The Court continued, finding that claims of failure to promote are "easy to identify" as "[d]iscrete acts," because each is a separate and distinct incident of discrimination." *Id.* at 114.

Following *Morgan*, the Fourth Circuit has refused to apply the continuing violation doctrine to claims of failure to promote. In *Williams v. Giant Food, Inc.*, 370 F.3d 423 (4th Cir. 2004), the plaintiff argues that her Title VII failure to promote claims should not be dismissed even though she did not file an EEOC charge within 180 days of the last promotion decision. Instead, the plaintiff argued that these promotion decisions were part of a continuing violation that continued to accrue up until she was allegedly forced to resign due to the discrimination. *Id.* 370 F.3d at 427-29. The Fourth Circuit held that the Supreme Court's decision in *Morgan* foreclosed any such continuing violation argument:

> [Plaintiff] argues that the continuing violation doctrine extends the ordinary limitations periods. This argument is foreclosed by [*Morgan*], which holds that an employee must file a charge of discrimination within the appropriate limitations period as to each discrete act of discrimination that occurred. Such discrete acts of discrimination "are not actionable if time barred, even when they are related to acts alleged in timely filed charges." . . . Because failure to promote is a discrete act of discrimination, . . . the continuing violation doctrine does not apply here and cannot save [plaintiff's] untimely claims.

Id. at 429 (citations to Morgan omitted) (citing Davidson v. American Online, 337 F.3d 1179, 1185-86 (10th Cir. 2003) (holding that the plaintiff could only pursue refusals to hire that occurred within the limitations period); *Tademe v. Saint Cloud State Univ.*, 328 F.3d 982-987-88 (8th Cir. 2003) (holding that the plaintiff's tenure and promotion claims were barred because they were not filed within 300 days of the alleged misconduct)). *See also Belton v. City of Charlotte*, 175 F. App'x 641, 653 (4th Cir. 2006) ("The Supreme Court has specifically identified the failure

7

to promote as a 'discrete act' that 'occur[s] on the day that it happen[d].' Each discrete act of discrimination 'starts a new clock for filing charges alleging that act,' meaning that only incidents that occur within the timely filing period are actionable . . .".) (internal citations omitted); *Mezu v. Morgan State Univ.*, 367 F. App'x 385, 388 (4th Cir. 2010) ("An 'unlawful employment practice' under 42 U.S.C. § 2000e-5(e) refers to a discrete discriminatory act or single occurrence even when related to other acts. 'Discrete acts such as … failure to promote … are not actionable if time barred, even when they are related to acts alleged in timely filed charges.'") (internal citations omitted); *Malghan v. Evans*, 118 F.App'x 731, 734 (4th Cir. 2004) ("We find without difficulty that the district court correctly dismissed [Plaintiff's] claims [for, among other things, non-selection] for failure to exhaust administrative remedies, as he is not saved from his failure to administratively present his claims by the continuing violations doctrine.") (internal citations omitted); *McDougal v. Goodyear Tire and Rubber Co.*, 427 F. Supp.2d 595, 606 n.3 (E.D.N.C. 2006) ("Under Title VII, plaintiff's failure-to-promote claims are limited to non-promotions occurring within 180 days of filing her . . . EEOC charge." (internal citations omitted).

Supreme Court and Fourth Circuit authority makes clear that failure to promote claims cannot be part of any continuing violations because they are separate, discrete acts of discrimination. Therefore, Plaintiff's argument that the four promotions decisions were part of a continuing violation is misplaced and Plaintiff's 2009 and 2010 failure to promote claims must be dismissed.

### B. 2010 Failure to Promote Plaintiff to Business Development Manager and 2011 Failure to Promote Plaintiff to Regional Director

"To establish a prima face ADEA failure to promote claim, a plaintiff must show that: (1) he is at least 40; (2) he applied for an open position; (3) he was rejected even though qualified; and (4) the position remained open or was filled by a similarly-qualified applicant substantially younger than him." *Cepada v. Bd. Of Educ. Of Baltimore Cnty.,* 814 F.Supp. 2d 500, 512 (D. Md. 2011) (citing *Laber v. Harvey*, 438 F.3d 404, 430 (4th Cir. 2006).

Defendant contends that Plaintiff's Amended Complaint fails to state a claim for failure to promote because the Amended Complaint makes clear that Plaintiff did not apply for either the 2010 Business Development Manager position or the 2011 Regional Director position in Myrtle Beach. Plaintiff responds that Defendant's absence of a formal "posting" policy for vacant positions, combined with the fact that Defendant did not post the 2010 Business Development Manager and September 2011 Regional Director positions, relieves him of the requirement to plead that he applied for such positions.

Plaintiff's Amended Complaint alleges that there was an informal policy for submitting interest in promotional opportunities and that he understood this informal policy. [Doc. No. 8 ¶ 7]. In his Amended Complaint, Plaintiff alleges that "Defendant had an informal application procedure which allowed employees to fill out talent sheets indicating their interest for advancement to positions they were interested in." (*Id.*). Plaintiff further alleges that "[u]pon information and belief, when a position opened, the Defendant's Human Resources Representative, … held discussions with . . . . Collectively, they based their decisions on who to promote to open vacancies." (*Id*. ¶ 8). Plaintiff explains that he filled out and submitted a talent

9

sheet on February 28, 2007; November 21, 2008; December 4, 2008 and August 1, 2011. On each talent sheet, Plaintiff described his background and specific positions he had held with prior employers and stated that he was interested in a Regional Director position and/or some other supervisory position. (*Id.* ¶ 10).

With respect to the 2010 Business Development Manager position, Plaintiff specifically stated in his Amended Complaint that the position was never formally posted. [Doc. No. 8 at ¶ 15]. Plaintiff contends that he was "well suited" for this position and that he had previously expressed an interest in a supervisory position." [Doc. No. 8 ¶¶ 14, 16]. In its Answer, Defendant admits that the 2010 position was never formally posted and admits that it did not notify all of its employees of this job vacancy. [Doc. No. 16 ¶ 15].

With respect to the 2011 position for Regional Director, Plaintiff contends that the position was never formally posted and that Defendant did not notify its employees of the job vacancy. [Doc. No. 8 ¶ 21]. Defendant admits the same. [Doc. No. 16 ¶ 21].

Defendant argues that Plaintiff's reliance on generic expressions of interest cannot overcome his failure to plead that he applied for the positions. Defendant cites to *Tyndall v. Dynaric*, 997 F. Supp. 721, 726-27 (E.D. Va. 1998) for the proposition that a generalized expression of interest in promotional opportunities is insufficient to state a failure to promote claim. However, here, unlike Tyndall, in addition to expressing a generalized interest in growing with the company, Plaintiff alleges that he also filled out four talent sheets indicating his general interest in advancing with the company and stating his interest in a Regional Director position and/or some other supervisory position. [Doc. No. 8 ¶ 10].

Although Defendant disputes the existence of four talent sheets, Defendant asserts that it only has records of Plaintiff completing two talent sheets (December 4, 2008 and August 1, 2011). However, the record in this case, considered in the light most favorable to the Plaintiff, reveals that Plaintiff submitted four talent sheets on February 28, 2007; November 21, 2008; December 4, 2008 and August 1, 2011. The August 1, 2011 talent sheet was filled out just one month prior to the 2011 Regional Director position hiring decision and specifically expressed interest in in a Regional Director position. On these facts, the Court declines to dismiss Plaintiff's ADEA claim for the 2011 Regional Director position for failure to state a claim for relief at this time.[2]

## IV. CONCLUSION

Based upon the foregoing, IT IS HEREBY ORDERED that Defendants' Partial Motion to Dismiss Plaintiff's Amended Complaint [Doc. No. 12] is GRANTED in part and DENIED in part. Plaintiff's 2009 and 2010 failure to promote claims are dismissed. Plaintiff's 2011 Regional Director position failure to promote claim states a prima facie case for ADEA and will not be dismissed at this time.

IT IS SO ORDERED.

Signed: March 19, 2013

Graham C. Mullen
United States District Judge

---

[2] With respect to the 2010 Business Development Manager claim, the Court already decided that such claim must be dismissed in the previous section of this Order.